# CIRCUIT COURT OF FAIRFAX COUNTY

Donald Y. McCoy et al.

v.

Zoning Appeals Board
of Fairfax County et al.

February 25, 1999

Case No. (Law) 167172

BY JUDGE J. HOWE BROWN

This case is before the Court upon a Writ of Certiorari issued to the Fairfax County Board of Zoning Appeals (BZA). By stipulation, no additional evidence was taken by the Court. Adjoining and neighboring property owners (Petitioners) contest the action of the BZA in granting a variance to Harrison and Joan Wehner. The Court reviews the action of the BZA under familiar principles, to wit, that the action of the BZA is presumed correct and may be disturbed by the Court only if the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance, *Foster v. Geller*, 248 Va. 563, 449 S.E.2d 802 (1994).

The Wehners sought a variance from the BZA to reduce the lot width requirement to divide their property into three lots sharing a driveway. They represented that under existing zoning, they could develop the property into four lots by constructing a major 50-foot wide street off Georgetown Pike. The BZA's decision on this request was governed by what is now Va. Code § 15.1-2309. That section empowers the BZA to grant a variance where strict adherence to the zoning ordinance would result in unnecessary hardship. In addition, the BZA may not grant a variance unless it finds (a) that strict application of the zoning ordinance would produce undue hardship, (b) that the hardship is not shared generally by others, and (c) that granting the variance will not substantially adversely affect the adjacent property and the character of the district will not be changed.

I find first that the BZA correctly found on supporting evidence (b) and (c) above. The unusual configuration of this lot and the other items argued by counsel as hardships are not generally shared. The BZA was justified in finding that, in fact, the character of the area would be enhanced by development under the variance and that there would be no substantial adverse impact on the adjoining landowners.

The real question in the case is did the BZA correctly interpret and apply the law on unnecessary and undue hardship. After review of the record, the briefs of counsel, and the law, I find that the BZA acted properly and within its own authority. The property in question is an odd shape. In order to develop it appropriately without a variance, an expensive road would have to be built connected to Georgetown Pike. The construction of the road would require taking down mature trees, damaging a vineyard, and encroachment upon a historic house, three features which enhance the pastoral character of the area. The BZA correctly found that the developmental constraints on this unique property constitute an undue and unnecessary hardship and justifies the granting of the variance. In making this ruling, I am heavily influenced by and rely upon the Wehners' trial brief.